UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDDIE CHERIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 06-0691 (JR) |
| | ) |
| U.S. DEPARTMENT OF STATE, | ) |
| | ) |
|     Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

Defendant, U.S. Department of State, respectfully requests that this Court dismiss this case for lack of subject matter jurisdiction under F.R.C.P. 12(b)(1), or in the alternative, for failure to state a claim pursuant to F.R.C.P. 12(b)(6). Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities in Support of this Motion, filed together with this Motion. Defendant also includes a proposed Order providing the relief sought herein.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See, Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

June 12, 2006                      Respectfully submitted,

                                          _____/s/_____
                                          KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                          United States Attorney

                                          _____/s/_____
                                          RUDOLPH CONTRERAS D.C. Bar # 434122
                                          Assistant United States Attorney

                              /s/
                          ERIC J. JANSON
                          Special Assistant United States Attorney
                          555 Fourth Street, N.W., Rm. E4417
                          Washington, D.C.  20530
                          (202) 514-9150 (telephone)
                          (202) 514-8780 (facsimile)

Case 1:06-cv-00691-JR   Document 5   Filed 06/12/2006   Page 2 of 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDDIE CHERIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-0691 (JR) |
| ) | |
| U.S. DEPARTMENT OF STATE, ) | **ECF** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

The only thing clear about plaintiff's complaint is that it is both legally and factually defective, and therefore, should be dismissed for lack of subject matter jurisdiction, or in the alternative, and for failure to state a claim.  Specifically, plaintiff's complaint fails to provide any basis for the court's jurisdiction, and contains nearly 250 pages of exhibit material, contrary to the express provisions of Fed. R. Civ. P. 8(a) and Local Civil Rule 5.1(g).  To the extent the complaint can be deciphered, it appears that plaintiff is a federal employee who is seeking compensation due to his alleged improper position classification.[1]  Accordingly, the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454 (codified as amended in various sections of 5 U.S.C. (1982)), provides the exclusive remedy for civil servants, such as plaintiff, who seek to challenge their position classification.  However, this court has made clear that a plaintiff may not bypass the exhaustive remedial scheme of the CSRA and bring a direct challenge in federal district court.  Therefore, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under 12(b)(1), or in the alternative, for failure to state a claim under 12(b)(6).

---

[1] "The prime issue of this case is being forced to do much more work that I am legally paid for; and is more work that I officially agreed to do when hired."  Compl. at 2.

# ARGUMENT

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am, 511 U.S. 375, 377 (1994). To carry its burden of establishing jurisdiction, a plaintiff must "establish the Court's subject matter jurisdiction by a preponderance of the evidence." Asemani v. United States, 2005 WL 975635, *2 (D.D.C. Apr. 25, 2005); Malewicz v. City of Amsterdam, 362 F. Supp. 2d 298 (D.D.C. 2005). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003); Kuffel v. U.S. Bureau of Prisons, 882 F.Supp. 1116, 1120 (D.D.C. 1995) ("The Court may go beyond the pleadings and consider affidavits to determine whether subject matter jurisdiction exists.").

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW PLAINTIFF'S CLAIM UNDER THE CSRA.

This court is without jurisdiction to entertain plaintiff's claim under the CSRA since he failed to first seek recourse through the Office of Special Counsel (OSC). In Carducci v. Regan, the Court held that it lacked subject matter jurisdiction over a claim by a civil servant who challenged a reassignment without reduction in grade or pay. 714 F.2d 171, 174-75 (D.C.

Cir.1983). In dismissing plaintiff's complaint, the court citing, U.S. v. Fausto, 484 U.S. 439 (1988), held that the CSRA provided the exclusive remedy for civil servants complaining of injury resulting from personnel actions and "to hold otherwise would 'turn upside down' and 'seriously undermine' the very principles enunciated in Fausto." 714 F.2d at 175. The court found that minor personnel actions infected by particularly heinous motivations of disregard of law ('prohibited personnel practices'), were to be reviewed by the Office of Special Counsel, and not the district court. Id. This category of "minor personnel actions" is rather extensive and includes the "[violation of] any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in [5 U.S.C. § 2301], 5 U.S.C. § 2302(b)(11), which principles in turn include protection against arbitrary action, § 2301(b)(8)(A), and 'fair and equitable treatment in all aspects of personnel management...,' § 2301(b)(2)." Id; See also, Kleiman v. Dept. of Energy, 956 F.2d 335 (D.C. Cir. 1992) (federal employee alleging inaccurate job title could not bypass the exhaustive remedial scheme of the CSRA through a collateral attack based on the Privacy Act).

Similarly, in Coyle v. Adelman, 705 F.Supp. 48 (D.D.C 1989), this court found that it lacked subject-matter jurisdiction over a claim by a federal employee who among other things, claimed that she was entitled to back-pay under the CSRA for working without a position description for at least 5 years and performing GS-10 duties while in a GS-9 position. The court, citing Carducci, interpreted the claim as a "prohibited personnel practice" and held that "it is for the Office of Personnel Management or the Office of Special Counsel, pursuant to the CSRA, to deal with problems of this kind." 705 F.Supp. at 52. The court went on to note that "[i]f plaintiff is able to carve out a Northwest Passage around the CSRA, I shudder to think of what will

3

happen to the federal judiciary. It will become so bogged down with hearing employee grievances that federal judges will have little time to do anything else. The point is I simply do not think it is appropriate or necessary for this Court to allocate its scarce resources...to determine whether plaintiff should be a GS-9 or a GS-10." Id.

As in Carducci and Coyle, plaintiff in the instant case is attempting to bypass the Civil Service Reform Act's exhaustive remedial scheme by seeking direct judicial review of his alleged improper position classification. Such a claim has clearly been established as not being cognizable in this court and plaintiff's only recourse is through the Office of Special Counsel. Having failed to do so, plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under 12(b)(1), or in the alternative, for failure to state a claim under 12(b)(6).

**June 12, 2006**

_____/s/_____
KENNETH L. WAINSTEIN., D.C. Bar # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
ERIC J. JANSON
Special Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDDIE CHERIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | No. 06-0691 (JR) |
| ) | |
| U.S. DEPARTMENT OF STATE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case having come before this Court on Defendant's Motion to Dismiss, upon consideration of the entire record herein, it is hereby **ORDERED** that:

Defendant's Motion to Dismiss is **GRANTED.**

**SO ORDERED** this _____ day of _____, 2006.

_____
JAMES ROBERTSON
United States District Court Judge

5

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2006, I caused a true and correct copy of the foregoing Motion to Dismiss be served via ECF and first-class mail on the following:

> Eddie Cheris
> 1118 N. Stuart Street
> Arlington, VA 22210

                            _____/s/_____
                            ERIC J. JANSON
                            Special Assistant U.S. Attorney